**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------
**ORANGE COUNTY CHOPPERS, INC.,**

                  Plaintiff,

  - against –

**GOEN TECHNOLOGIES CORPORATION,**

                  Defendant.
------------------------------------

**04 CV 7193 (JGK)**

<u>**OPINION & ORDER**</u>

**JOHN G. KOELTL, District Judge**:

    Orange County Choppers, Inc. ("the plaintiff" or "OCC") brings this action against Goen Technologies Corporation ("the defendant"). The plaintiff seeks injunctive relief and damages for trademark infringement and unfair competition arising from the defendant's alleged unauthorized manufacturing and distribution of merchandise bearing the plaintiff's trademark. The defendant moves for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), primarily on the grounds that the plaintiff entered into an agreement to arbitrate disputes between the parties. The parties agreed at oral argument that the defendant's 12(b)(1) motion should be

construed as a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3-4.

I.

In January 2003, the plaintiff and the defendant entered into an agreement whereby the plaintiff was to build a motorcycle for the promotion of the defendant's Trim Spa Brand. (Orange County Choppers Purchase and Media Promotion Agreement, dated Jan. 16, 2003 ("the agreement" or "OCC Agreement"), attached as Ex. B to Certification of Scott C. Carroll in Supp. of Def.'s Mot. to Dismiss the Compl.)  The agreement includes a clause giving the defendant "the right to reproduce, copy, publish, broadcast, or otherwise use the name, picture or likeness heretofore or hereafter made of the OCC or any material based upon or derived therefrom . . . ." (Id. ¶ 3.3.) It also contains an arbitration clause:

> [a]ny disputes arising from this Agreement shall be subject to arbitration in New Jersey under the Rules and auspices of the American Arbitration Association or other mutually agreeable arbitrator.  This agreement is governed by New Jersey Law, and the Courts of New Jersey shall have jurisdiction to enforce it . . . .

(Id. ¶ 12.)

Since 2001, the plaintiff has designed, promoted, and sold OCC licensed merchandise to the public  (Complaint, ¶¶ 13), and the plaintiff's marks and trade name are known to the public as

2

identifying goods of OCC alone (Id. ¶¶ 16-19). OCC alleges that the defendant, without authority or license to do so, has been selling and distributing products with the plaintiff's marks and trade name, creating "a likelihood of confusion, mistake, and deception among the trade and consumers." (Id. ¶¶ 20, 26.) The plaintiff brings this action for injunctive relief against the promotion and sale by the defendant of goods bearing OCC's marks and for damages resulting from the defendant's unauthorized acts. (Id. at 7.)

II.

The FAA requires a district court to stay an action to resolve a dispute subject to an arbitration agreement if a party requests so. 9 U.S.C. § 3; see Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985); see also Milgrim v. Backroads, Inc., 142 F. Supp. 2d 471, 476 (S.D.N.Y. 2001) (quoting Berger v. Cantor Fitzgerald Sec., 967 F. Supp. 91, 93 (S.D.N.Y. 1997)). The parties agreed at oral argument that any question regarding the arbitrability of the dispute is governed by the FAA, and that, if the dispute were subject to arbitration, the Court should stay the proceedings.

The FAA provides that written agreements to arbitrate disputes "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2; see also In re Home Ins. Co., 908 F. Supp. 180, 183 (S.D.N.Y. 1995). Unless the parties explicitly provide

3

otherwise, this Court, rather than an arbitrator, determines whether the parties did in fact agree to arbitration. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995); PaineWebber Inc. v. Bybyk, 81 F.3d 1193, 1198 (2d Cir. 1996); see also Marcus v. Frome, 275 F. Supp. 2d 496, 504 (S.D.N.Y. 2003).

Whether an agreement to arbitrate governs a particular dispute is essentially a matter of contract interpretation. See Collins & Aikman Pros. Co. v. Building Sys., Inc., 58 F.3d 16, 19 (2d Cir. 1995) ("Federal arbitration policy respects arbitration agreements as contracts that are enforceable in the same was as any other contract."); see also Home Ins. Co., 908 F. Supp. at 183. Any doubts about the scope of arbitrable issues should be resolved in favor of arbitration. Collins, 58 F.3d at 19 (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)); see also United States Fire Ins. Co. v. Nat'l Gypsum Co., 101 F.3d 813, 816 (2d Cir. 1996).

The existence of a broad arbitration clause creates a presumption of arbitrability which can be overcome only if it may be said "with positive assurance" that the arbitration clause is not susceptible to the interpretation that it covers the asserted dispute. Oldroyd v. Elmira Sav. Bank, FSB, 134 F.3d 72, 76 (2d Cir. 1998); see also Lewis Tree Service, Inc. v. Lucent Tech. Inc., 239 F. Supp. 2d 332, 336 (S.D.N.Y. 2002). The arbitration clause in this case, covering "[a]ny disputes

arising from this [a]greement," is a broad arbitration clause. (OCC Agreement, at ¶ 12.); see, e.g., ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co., 307 F.3d 24, 26 (2d Cir. 2002) ("[A]ny dispute [that] shall arise between the parties . . . with reference to the interpretation of this Agreement or their rights with respect to any transaction involved" held to be a broad arbitration clause); Oldroyd, 134 F.3d at 76 ("Any dispute, controversy or claim arising under or in connection with [the agreement]" is a broad arbitration clause.); Collins, 58 F.3d at 19 ("Any claim or controversy arising out of or relating to th[e] agreement is a broad arbitration clause."); Marcus, 275 F. Supp. 2d at 504 ("[A]ny dispute, controversy or claim arising out of or relating to this Agreement" is a broad arbitration clause.); Vera v. Saks & Co., 218 F. Supp. 2d 490, 494 (S.D.N.Y. 2002) ("Any dispute . . . arising out of or relating to this Agreement" found to be a broad arbitration clause.) aff'd, 335 F.3d 109 (2d Cir. 2003); cf. U.S. Titan, Inc. v. Guangzhou Men Hua Shipping Co., Ltd., 182 F.R.D. 97, (S.D.N.Y. 1998) ("[A]ny dispute arising out of this charter" is a broad arbitration clause.) aff'd, 241 F.3d 135 (2d Cir. 2001).

Nevertheless, the plaintiff argues that this dispute is not covered by the arbitration clause because the agreement between the parties does not cover the manufacture and sale of items of clothing bearing the plaintiff's marks and is

5

irrelevant to the dispute. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss, dated Oct. 14, 2004, at 7-9.) However, it is impossible to say "with positive assurance" that the plaintiff's claim is not within the scope of the arbitration clause. Oldroyd, 134 F.3d at 76. In part, this dispute concerns whether the agreement gave the defendant the right to use the OCC marks. Resolving this dispute requires interpreting the agreement to ascertain whether the defendant's use of the plaintiff's marks fall within the rights given the defendant to "reproduce, copy, publish, broadcast, or otherwise use the name, picture or likeness heretofore or hereafter made of the OCC or any material based upon or derived therefrom . . . ." (OCC Agreement, at ¶ 3.3.) This determination is critical to the plaintiff's claims; indeed, where a claim "implicates issues of contract construction or the parties' rights and obligations under it" and the arbitration clause is broad, the dispute should proceed to arbitration. Collins, 58 F.3d at 23. Accordingly, the presumption in favor of arbitration has not been overcome.

### III.

Because the arbitration clause applies to this dispute, it is unnecessary to reach the defendant's additional motions that this is not the proper forum under Rule 12(b)(3) and that the complaint fails to state a claim upon which relief can be

granted under Rule 12(b)(6).  The dispute should be submitted to arbitration.

## CONCLUSION

The Court has carefully considered all the arguments presented by the parties. Any argument not expressly discussed above is either moot or without merit. For the reasons explained above, the defendant's motion to compel arbitration and stay the proceedings is **granted**.

**SO ORDERED.**

**Dated:** **New York, New York**
**June 24, 2005**

John G. Koeltl
United States District Judge